Leroy A. TERRY, Plaintiff,

v.

Robert C. BOBB, et al., Defendants.

Civ. A. No. 2:93cv191.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 5, 1993.

Leroy A. Terry, pro se.

Glen Franklin Koontz, Office of the City Atty., Richmond, VA, for defendants.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, brings this *pro se* action pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Specifically, plaintiff claims that defendants have failed to address deficiencies in the conditions of confinement at the Richmond City Jail in violation of the Fifth, Eighth, and Fourteenth Amendments. In addition, plaintiff alleges violations of federal RICO statutes, 18 U.S.C. §§ 371, 1961 and 1962. Plaintiff seeks monetary and injunctive relief.

### I. Procedural History

After plaintiff qualified to proceed *in forma pauperis,* defendants filed a motion to dismiss and a memorandum in support thereof. In accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), plaintiff was given an opportunity to respond to defendants' motion with any material that he wished to offer in rebuttal. The court also instructed plaintiff that failure to submit any materials could result in an adverse judgment based on defendants' motion and accompanying brief. Plaintiff has failed to respond, and, therefore, this matter is ready for judicial determination.

### II. Analysis

In construing a motion to dismiss, the facts alleged in plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). Finally, liberal construction of pleadings is appropriate when the court is construing a *pro se* complaint involving civil rights issues. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

Because the court finds that all defendants enjoy absolute legislative immunity, the court GRANTS defendants' motion to dismiss.

### A. City Council Members

Plaintiff has sued Roy West and Henry Richardson, who are current members of the Richmond City Council, and Charles Perkins, Oliver Singleton, A. Carl Prince, and William I. Golding, Sr., who are former members of the Richmond City Council. Defendants claim that they enjoy absolute legislative immunity from this lawsuit.

It is clear that local legislators enjoy absolute immunity from suit for decisions made in their capacity as legislators. *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal,* 865 F.2d 77, 79 (4th Cir.1989); *Scott v. Greenville County,* 716 F.2d 1409, 1422–23 (4th Cir.1983); *Bruce v. Riddle,* 631 F.2d 272, 279 (4th Cir.1980). Before dismissing a suit based on absolute legislative immunity, however, the court must first determine that defendants, when doing the acts complained of, were functioning in a

legislative capacity, as opposed to an enforcement capacity.[1]

■ Carefully considering plaintiff's complaint, it is apparent that he is complaining of decisions made by defendants in their legislative capacities. Although plaintiff makes no specific allegations against any particular defendant, he states in his complaint: "defendants did willfully and maliciously fail to address the increasingly deterioating [sic] prisoner living conditions at Richmond City Jail." Compl. at 2. Plaintiff further contends, "[t]he approved budgets for the jail also represented their collective demonstration of ignoring Constitutional prisoner rights guaranteed under amendments 5, 8, 14." *Id.* Finally, he states, "[c]ollectively, defendants recent actions in objectively addressing the crisis issue of overcrowding at the Richmond City Jail represented a 'politicing [sic] and grandstanding'—not serving the best interest of the citizens of Richmond, Virginia." *Id.*

Therefore, plaintiff's only contentions against these current and former Richmond City Council members is that they failed to allocate sufficient money in the budget for the Richmond City Jail, and that they failed to enact legislation to address the conditions at the jail. Such decisions are clearly protected by legislative immunity. For example, in *Bruce*, 631 F.2d at 280, the court held that Greenville County Council members enjoyed absolute legislative immunity from liability against a landowner, who alleged violations of his civil rights because of a zoning decision. The court stated,

> "Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of the judgment against them

based upon a jury's speculation as to motives."

*Id.* (quoting *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951)).

Therefore, the court DISMISSES plaintiff's claims against defendants West, Richardson, Perkins, Singleton, Prince, and Golding.

### B. Remaining Defendants

Plaintiff has also sued Robert C. Bobb, the Richmond City Manager, which is a position appointed by the Richmond City Council, and Walter T. Kenney, the Mayor of the City of Richmond. In addition, plaintiff has sued Clarence L. Townes, Jr., a member of the Richmond City School Board, which is also a position appointed by the Richmond City Council, and G. Timothy Oksman and other unnamed City Attorneys who are appointed legal counsel to the City of Richmond. These defendants also argue that the doctrine of absolute legislative immunity shields them from this lawsuit. Although they acknowledge that they are not legislators, they contend that because plaintiff issuing them because of actions that are legislative in nature, they enjoy absolute immunity from liability.

As noted above, there are no specific allegations against any of the defendants in plaintiff's complaint, and plaintiff's only allegations in his complaint involve acts that are legislative in nature. Plaintiff complains that defendants have failed to address the problems of the Richmond City Jail, and have failed to allocate sufficient money in the budget. Plaintiff does not allege in his complaint that defendants have failed to enforce existing laws or prison regulations.

■ The function performed by defendants, and not their titles, is determinative of whether a given task is legislative or executive for immunity purposes. *See, e.g., Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d

---

**1.** For example, in *Front Royal*, 865 F.2d at 79, the Fourth Circuit held that the failure of local legislators to authorize sewer service for landowners was not legislative action, and therefore, legislators were only protected by executive qualified immunity instead of absolute legislative immunity.

641 (1980) (holding that in promulgating the Virginia Code of Professional Responsibility, the Virginia Supreme Court acted in a legislative capacity, and therefore, its members were immune from suit); *Baker v. Mayor and City Council of Baltimore,* 894 F.2d 679 (4th Cir.), *cert. denied,* 498 U.S. 815, 111 S.Ct. 56, 112 L.Ed.2d 31 (1990) (holding that in adopting the City's budget, the Mayor of the City of Baltimore acted in a legislative capacity, and thus, enjoyed absolute legislative immunity from suit); *Kness v. City of Kenosha,* 669 F.Supp. 1484 (E.D.Wis.1987) (holding that a City Attorney is immune from suit for drafting an ordinance).

Thus, the court determines that defendants Bobb, Kenney, Townes, Oksman, and the other unnamed City Attorneys are also protected by the doctrine of absolute legislative immunity and DISMISSES plaintiff's claims against these defendants.

### III. Conclusion

For the aforementioned reasons, the court GRANTS defendants' motion to dismiss.

Plaintiff is advised that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the clerk within thirty (30) days from the date of this order.

It is so ORDERED.